Justice KINSER, concurring in part and dissenting in part.
I concur in the majority's refusal to recognize an independent cause of action for civil conspiracy to intentionally inflict emotional distress, as well as its decision to affirm the circuit court's dismissal of Katherine Almy's claims against David Liebman and Cina L. Wong. With respect to the portion of the majority opinion holding that Almy's motion for judgment contained sufficient allegations of each element of the tort of intentional *190 infliction of emotional distress to survive demurrer, I respectfully dissent.
To recover for intentional infliction of emotional distress, a plaintiff must show:
One, the wrongdoer's conduct was intentional or reckless. . . . Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. . . . Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.
Womack v. Eldridge, 215 Va. 338, 342, 210 S.E.2d 145, 148
(1974). Even assuming Almy pled sufficient facts to satisfy the first three prongs of the four-part Womack test, I find that her allegations concerning the severity of her emotional distress are deficient.[1]
The majority holds otherwise, notwithstanding the opposite conclusion this Court recently reached when confronted with similar allegations in Harris v. Kreutzer, 271 Va. 188, 624 S.E.2d 24 (2006). In that case, the plaintiff alleged that a licensed clinical psychologist verbally abused her, causing the plaintiff to suffer "severe psychological trauma and mental anguish affecting her mental and physical well-being," the symptoms of which were "nightmares, difficulty sleeping, extreme loss of self-esteem and depression." Id. at 204-05, 624 S.E.2d at 34. Notably, the plaintiff in Harris, unlike the plaintiff in Russo v. White, 241 Va. 23, 25, 28, 400 S.E.2d 160, 161-63 (1991), alleged that she needed "additional psychological treatment and counseling" as a result of the psychologist's actions. Harris, 271 Va. at 205, 624 S.E.2d at 34. Nonetheless, we affirmed the trial court's judgment sustaining the psychologist's demurrer, holding that the plaintiff failed to allege facts showing emotional distress "`so severe that no reasonable person could be expected to endure it.'" Id. (quoting Russo, 241 Va. at 27, 400 S.E.2d at 163). We reached the same result in Russo even though the plaintiff there alleged that she "withdrew from activities and was unable to concentrate at work." 241 Va. at 28, 400 S.E.2d at 163.
In my view, Almy has failed to plead facts relative to the severity of her emotional distress that materially differ from the allegations we held insufficient in Harris and Russo. For this reason, I respectfully dissent from the majority opinion inasmuch as it holds that Almy adequately pled this element in tort. Thus, I would affirm the judgment of the circuit court in its entirety.[2]
---------------
2. The parties in this case have not argued whether Almy's alleged emotional distress was exaggerated and unreasonable under the circumstances. See, e.g., Restatement (Second) of Torts § 46 cmt. j (1965) ("The distress must be reasonable and justified under the circumstances, and there is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor has knowledge."); Malandris v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 703 F.2d 1152, 1159 (10th Cir.1981); Drejza v. Vaccaro, 650 A.2d 1308, 1314 n. 16 (D.C.1994); Cafferty v. Garcia's of Scottsdale, Inc., 375 N.W.2d 850, 854 (Minn.Ct.App.1985); Dickerson v. Int'l United Auto Workers Union, 98 Ohio App.3d 171, 648 N.E.2d 40, 48 (1994); Tanner v. Rite Aid of W. Va., Inc., 194 W.Va. 643, 461 S.E.2d 149, 157 n. 11 (1995). Thus, I express no opinion on that issue.
---------------